1  RITA W. SIAMAS (State Bar No. 232396)
   rsiamas@mwe.com
2  ELLIOT SILVERMAN (State Bar No. 222235)
   esilverman@mwe.com
3  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue
4  Suite 500
   Irvine, CA  92612-7108
5  Telephone:  949.851.0633
   Facsimile:   949.851.9348
6
   JOHN J. DABNEY (Admitted Pro Hac Vice)
7  jdabney@mwe.com
   McDERMOTT WILL & EMERY LLP
8  600 Thirteenth Street, N.W.
   Washington, D.C.  20005-3096
9  Telephone:  202.756.8000
   Facsimile:   202.756.8087
10
11 Attorneys for Plaintiff
   HARDY LIFE, LLC
12
13              UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
15                  WESTERN DIVISION
16

| 17 | HARDY LIFE, LLC, a California limited liability company, | **CASE NO.: CV08-03524 PA (CTx)** |
|---|---|---|
| 18 | | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION** |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | NERVOUS TATTOO, INC., a California corporation; CHRISTIAN AUDIGIER, INC., a California corporation; SHOP CRYSTAL ROCK, a California business entity; BACKSTAGE WEB, INC., a California Corporation; SHOP ON STAGE, Inc., a California Corporation; CHRISTIAN AUDIGIER, a California resident, and Does 1-10, inclusive, | Assigned to the Honorable Percy Anderson |
| 22 | | |
| 23 | | Date:        None |
| 24 | | Time:        None |
| 25 | | Place:       Ctrm. 15 |
| 26 | Defendants. | [Declaration of Elliot Silverman submitted concurrently herewith] |
| 27 | | |
| 28 | | |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

## I.   INTRODUCTION

Plaintiff hardy Life, LLC ("Plaintiff") respectfully submits this opposition to defendants' procedurally-improper "Ex Parte Application to Shorten Time for Hearing on Defendants' Motion for a Protective Order Pursuant to FRCP 26 and this Court's Standing Order and for Relief from Local Rule 37 Requirements" (the "Ex Parte Application").

The supposed "crisis" which defendants claim requires this *ex parte* application is entirely of their own making -- they first scheduled a conference under Rule 26(f) of the Federal Rules of Civil Procedure, then cancelled that conference and refused to reschedule it, and now insist that no discovery can take place because that conference has not yet occurred. (*See* § V, *infra*.)

## II.   THIS IS A DISCOVERY MOTION, WHICH SHOULD BE BROUGHT BEFORE THE MAGISTRATE JUDGE,  NOT THIS COURT

Defendants' motion is for a protective order under Rule 26(c), F.R.Civ.P. Under paragraph 3(b) of this Court's Standing Order, this application should have been made to Magistrate Judge Turchin, and not to this Court.  Prior to making this motion, plaintiff's counsel pointed this out to defendants' counsel. (*See* the accompanying Declaration of Elliot Silverman, Ex. E).

## III.   DEFENDANTS VIOLATED THIS COURT'S STANDING ORDER BY FAILING TO ADVISE THIS COURT OF PLAINTIFF'S POSITION

Paragraph 6 of this Court's Standing Order, relating to *Ex Parte* Applications, provides in pertinent part that "[a]pplications which fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position**, will not be considered" (emphasis Court's).  The day before defendants made this *ex parte* application, plaintiff's counsel e-mailed defendants' counsel, pointed out to him this provision of the Court's Standing Order, briefly stated

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' EX PARTE APPLICATION                - 2 -                (No. CV 08-03524 PA (CTx ))

1    plaintiff's position, and asked him to bring that position to the Court's attention.

2    (Silverman Dec., ¶10 & Ex. E).  Plaintiff's position is not, however, reflected in

3    Defendants' *ex parte* application.

## IV.   DEFENDANTS SHOULD NOT BE EXCUSED FROM COMPLYING WITH L.R. 37-2.1

6    Defendants seek to shorten their time to make a motion for a protective order,

7    and also ask to be relieved of the requirements of Local Rule 37.  L.R. 37-2.1

8    requires that all discovery motions be brought on in the form of a Joint Stipulation.

9    Prior to defendants making this motion, plaintiff offered to discuss with defendants'

10   counsel a schedule for preparing such a stipulation on an expedited basis.

11   (Silverman Dec., Ex. E).  Even if defendants have shown good cause for shortening

12   time, they should not be excused from complying with L.R. 37-2.1.

## V.   THE SUPPOSED "CRISIS" IS ENTIRELY OF DEFENDANTS' OWN MAKING

15   As defendants themselves recognize, in order to justify *ex parte* relief, they

16   must show that they are "without fault in creating the crisis that requires ex parte

17   relief."  Ex Parte Application at 5 (quoting *Mission Power Engineering Co. v.*

18   *Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  Defendants

19   cannot make any such showing in this case, because the "crisis" is entirely of their

20   own creation.

21   Defendants seek a protective order because Plaintiff served discovery

22   requests prior to the parties' holding of a conference under Rule 26(d) of the

23   Federal Rules of Civil Procedure.  Defendants, however, had agreed to hold a Rule

24   26(d) conference, then reneged on that agreement, cancelled the conference and

25   refused to re-schedule it.  (Silverman Dec., ¶¶ 3-9 & Exs. A-D).  Defendants should

26   not be heard to complain about the lack of a Rule 26(f) conference, because the

27   failure to hold such a conference is entirely of their doing.

28   In any event, paragraph 3(b) of this Court's Standing Order provides that "it

McDermott Will & Emery LLP
Attorneys At Law
Chicago

1  is advisable for counsel to begin to conduct discovery actively before the

2  Scheduling Conference." Defendants cannot explain how they will be injured --

3  much less irreparably -- if they have to respond to document requests. (Although

4  plaintiff also served notices to take the depositions of two of defendants' officers,

5  defendants fail to inform the Court that plaintiff has already agreed to postpone

6  those depositions to a date convenient for all counsel; *see* Silverman Dec. Ex. D).

7      If, however, this Court grants defendants' *ex parte* application, Plaintiff

8  reserves the right to brief the issue of the propriety of their initiating discovery at

9  this time.

10 **VI.    CONCLUSION**

11      Defendants' ex parte motion is both procedurally improper and substantially

12 meritless. It should accordingly be denied.

13 Dated: July __, 2008                McDERMOTT WILL & EMERY LLP

14

15                                     By: _____

16                                         Elliot Silverman

17                                     Attorneys for Plaintiff
                                       HARDY LIFE, LLC
18

19

20

21 ORC 443159-1.080717.0011

22

23

24

25

26

27

28

*Left margin vertical text:* McDERMOTT WILL & EMERY LLP · ATTORNEYS AT LAW · CHICAGO