SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3524 PA (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Hardy Life, LLC v. Nervous Tattoo, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Rosa Morales | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS

Before the Court is an Ex Parte Application to Shorten Time for Hearing on Defendants' Motion for Protective Order (Docket No. 61) filed by defendants Nervous Tattoo, Inc., Christian Audigier, Inc., Shop Crystal Rock, Backstage Web, Inc., and Shop On Stage, Inc., which was joined by defendant Christian Audigier (collectively "Defendants"). Defendants seek an order precluding plaintiff Hardy Life, LLC ("Plaintiff") from pursuing discovery in this action until after the parties conduct a scheduling conference pursuant to Federal Rule of Civil Procedure 26(f). The parties apparently dispute the meaning of a provision in the Court's Standing Order which states that "it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference" unless "there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature."

According to the Restated and Amended License Agreement between the parties, which is attached as an exhibit to the Complaint, the parties agreed that "the Los Angeles Superior Court shall have exclusive jurisdiction" in the event "of any dispute between the parties hereto." Complaint, Ex. 10, ¶ 27. Despite this venue provision, Plaintiff filed this action in this Court, alleging claims for: (1) copyright infringement; (2) trademark infringement; (3) trademark counterfeiting; (4) common law trademark infringement; (5) trademark dilution under California law; (6) cybersquatting under federal law; (7) unfair competition under federal law; (8) unfair competition under California Business and Professions Code section 17200; (9) common law unfair competition; and (10) breach of contract.

In light of the venue provision contained in the Restated and Amended License Agreement, the Court orders Plaintiff to show cause why this action should not be dismissed for improper venue. To the extent Plaintiff may argue that venue in this Court is proper because the Complaint contains one or more claims over which this Court has exclusive jurisdiction, Plaintiff's response should explain which of those claims, or portions of those claims, are claims over which this Court possesses exclusive jurisdiction. See Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121-22 (9th Cir. 1999).

Plaintiff's response to the order to show cause shall be filed by July 21, 2008. Defendants reply to Plaintiff's response shall be filed by July 28, 2008. The Court stays all discovery in this action pending resolution of the issues raised in the order to show cause. The Court vacates the July 21, 2008

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3524 PA (CTx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Hardy Life, LLC v. Nervous Tattoo, Inc., et al. | | |

hearing on Plaintiff's Motion for Preliminary Injunction.  The Court will notify the parties of its decision on the Motion for Preliminary Injunction, or if it desires a hearing on that Motion, following its consideration of the parties' responses to the order to show cause.  The Court continues the date by which Defendants must respond to the Complaint from July 21, 2008, to August 18, 2008.

    IT IS SO ORDERED.

_____ : _____
Initials of Preparer