1  JAMES H. TURKEN (SBN 89618)
   turkenj@dicksteinshapiro.com
2  AMY L. RUBINFELD (SBN 145194)
   rubinfelda@dicksteinshapiro.com
3  JOHN L. TUELL (SBN 208808)
   tuellj@dicksteinshapiro.com
4  FAWN A. WRIGHT (SBN 246443)
   wrightf@dicksteinshapiro.com
5  DICKSTEIN SHAPIRO LLP
   2049 Century Park East, Suite 700
6  Los Angeles, CA 90067-3109
   Telephone: (310) 772-8300
7  Facsimile: (310) 772-8301

8  Attorneys for Defendants

9  NERVOUS TATTOO, INC.; CHRISTIAN AUDIGIER,
   INC.; SHOP CRYSTAL ROCK (erroneously sued);
10 BACKSTAGE WEB, INC.; and SHOP ON STAGE, INC.

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| HARDY LIFE, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>NERVOUS TATTOO, INC., a California corporation; CHRISTIAN AUDIGIER, INC., a California corporation; SHOP CRYSTAL ROCK, a California business entity; BACKSTAGE WEB, INC., a California corporation; SHOP ON STAGE, INC., a California corporation; CHRISTIAN AUDIGIER, a California resident, and DOES 1-10, inclusive,<br>Defendants. | CASE NO. CV08 03524 PA (CTx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S *EX PARTE* APPLICATION FOR JUDICIAL NOTICE OF THE U.S. COPYRIGHT OFFICE'S ISSUANCE OF SUPPLEMENTAL COPYRIGHT REGISTRATIONS**<br><br>Assigned to the Hon. Percy Anderson<br><br>**Hearing Date:** None Set<br>**Time:** None Set<br>**Courtroom:** 15<br><br>**Complaint Filed:** May 29, 2008<br>**Trial. Date:** None Set |

DOCSLA-32711v01

Defendants Nervous Tattoo, Inc., Christian Audigier, Inc., Shop Crystal Rock, Backstage Web, Inc. and Shop On Stage, Inc. (collectively "Defendants") hereby respond to Plaintiff Hardy Life, LLC's ("Plaintiff") *Ex Parte* Application For Judicial Notice Of The U.S. Copyrights Office's Issuance Of Supplemental Copyright Registrations, as follows:

On or about July 14, 2008, this Court issued an Order to Show Cause (the "OSC") directing Plaintiff "to show cause why this action should not be dismissed for improper venue," noting that "[a]ccording to the Restated Amended License Agreement between the parties, which is attached as an exhibit to the Complaint, the parties agreed that 'the Los Angeles Superior Court shall have exclusive jurisdiction' in the event 'of any dispute between the parties hereto.'" Importantly, in establishing a briefing schedule, the Court provided solely for a singular response by Plaintiff, due July 21, 2008, and a Reply by Defendants, due July 28, 2008. In other words, regardless of what Defendants might raise in their Reply, Plaintiff was expressly limited to one response to the OSC and was not given a right to file a Surreply to Defendants' Reply.

On July 21, 2008, Plaintiff served and filed its "Response To Order To Show Cause," and on July 28, 2008, Defendants served and filed their "Reply To Plaintiff's Response" thereto.

Surprisingly, on July 29, 2008, counsel for Plaintiff gave notice to defense counsel of an *Ex Parte* Application seeking judicial notice of purported supplemental copyright registrations. Counsel for these Defendants indicated that Defendants would reserve the decision on opposing the Application until receipt of Plaintiff's moving papers, and counsel for defendant Christian Audigier similarly stated her preliminary intention to oppose the Application pending receipt of Plaintiff's moving papers.

///

///

DOCSLA-32711v01   1

1   On July 30, 2008, at approximately 11:11 a.m., Defendants received Plaintiff's *Ex Parte* Application. Despite the prescribed briefing schedule regarding the OSC and notwithstanding this Court's Standing Order limiting *ex parte* applications "solely for extraordinary relief," Plaintiff is using the *ex parte* procedure coupled with the judicial notice mechanism to, in reality, place before this Court documents that were apparently issued by the U.S. Copyright Office back on June 19, 2008. Each of the six (6) Supplemental Certificates of Registration annexed as Exhibit "A" to Plaintiff's *Ex Parte* Application was signed by Don Ed Hardy on June 12, 2008 and has been stamped by the U.S. Copyright Office with an effective date of June 19, 2008. Thus, ignoring this Court's stated procedure and the rules confining *ex parte* applications for true emergencies that are not created by the applicant, Plaintiff attempts, through the *Ex Parte* and Judicial Notice Procedures, to get documents before the Court which, on their face, reveal that Plaintiff has been in possession of them for nearly six weeks – weeks before its Response was due to the OSC on July 21, 2008. Plaintiff's failure to provide documents in its possession at the time its Response brief was due cannot create exigent circumstances warranting *ex parte* relief.

Accordingly, although Defendants do not dispute that copyright registrations are proper subjects of judicial notice, Defendants respectfully submit that Plaintiff's attempt to cloak what is, in essence, an unauthorized Surreply under the guise of a request for judicial notice is problematic. In addition, given that these documents have apparently been in Plaintiff's possession for at least one month prior to Plaintiff's Response deadline to the OSC, Defendants respectfully submit that Plaintiff's usage of the *Ex Parte* procedure is improper and unwarranted. Finally, there is no authority or argument cited in the Application to suggest that taking judicial notice of the documents would or should result in anything other than the

///

///

DOCSLA-32711v01                                                2

1  Court's dismissal of the Complaint for the reasons set forth in Defendants' Reply to
2  the OSC.

DATED: July 31, 2008        DICKSTEIN SHAPIRO LLP

By _____*/s/ Amy L. Rubinfeld*_____
James H. Turken
Amy L. Rubinfeld
John L. Tuell
Fawn A Wright
Attorneys for Defendants NERVOUS TATTOO, INC.; CHRISTIAN AUDIGIER, INC; SHOP CRYSTAL ROCK; BACKSTAGE WEB, INC; and SHOP ON STAGE, INC.