1  Michael S. Elkin  (*Pro Hac Vice*)
   **WINSTON & STRAWN LLP**
2  200 Park Avenue
   New York, New York  10166
3  (212) 294-6700 (Telephone)
   (212) 294-4700 (Facsimile)
4  Email: melkin@winston.com

5  Rebecca Calkins (SBN: 195593)
   **WINSTON & STRAWN LLP**
6  333 South Grand Avenue
   Los Angeles, CA 90071-1543
7  Telephone:  213-615-1700
   Facsimile:   213-615-1750
8  Email:  rcalkins@winston.com

9  Attorneys for Defendant
   CHRISTIAN AUDIGIER
10

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

11            **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13              **CENTRAL JUSTICE CENTER**

14

15  HARDY LIFE, LLC, a California limited )   **Case No. CV 08-03524 PA (CTx)**
    liability company,                    )
16                                        )   The Honorable Percy Anderson
                Plaintiff,                )
17                                        )   **DEFENDANT CHRISTIAN**
        vs.                               )   **AUDIGIER'S ANSWER TO**
18                                        )   **PLAINTIFF'S FIRST AMENDED**
    NERVOUS TATTOO, INC., a               )   **COMPLAINT**
19  California corp.; CHRISTIAN           )
    AUDIGIER, INC., a California corp.;   )
20  CHRISTIAN AUDIGIER, a California      )
    resident; SHOP CRYSTAL ROCK, a       )   **DEMAND FOR JURY TRIAL**
21  California business entity;           )
    BACKSTAGE WEB, INC., a California     )
22  corp.; SHOP ON STAGE, INC., a         )
    California corp., and DOES 1-10,      )   **First Amended Complaint Filed:**
23  inclusive                             )   **August 4, 2008**
                                          )
24              Defendants.               )
                                          )
25  _____)

26        Defendant Christian Audigier ("Defendant") hereby answers the First Amended

27  Complaint ("FAC") of Plaintiff Hardy Life, LLC ("Plaintiff") for: (1) Federal

28  Copyright Infringement; (2) Federal Trademark Infringement; (3) Federal Trademark

Counterfeiting; (4) Federal Trademark Dilution; (5) Federal Cybersquatting; (6) Federal Trademark Infringement and Unfair Competition; (7) False and Misleading Advertising; (8) California Trademark Dilution; (9) California Trademark Infringement, Unfair Competition, and False and Misleading Advertising; (10) California Cybersquatting; (11) Common Law Trademark Infringement and Unfair Competition; (12) Common Law False and Misleading Advertising; (13) Breach of Contract: (14) Breach of Implied Covenant and Fair Dealing; (15) Tortious Interference with Contract; (16) Tortious Interference With Existing and Prospective Business Advantage; and (17) Declaratory Judgment, by admitting, denying, averring, and alleging as follows:

## ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

1.      Answering paragraph 1 of the FAC, Defendant admits that Plaintiff is asserting the claims enumerated therein, but Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

2.      Answering paragraph 2 of the FAC, Defendant denies that there is subject matter jurisdiction over the FAC, and Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the remainder of the allegations in this paragraph.

3.      Answering paragraph 3 of the FAC, Defendant admits that Defendant resides in the Central District of California.  As to the remainder of the allegations in paragraph 3 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

## ANSWER TO PARTY IDENTITY ALLEGATIONS

4.      Answering paragraph 4 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5.      Answering paragraph 5 of the FAC, Defendant admits that Nervous Tattoo is a California corporation with its corporate office located at 8680 Hayden Place, Culver City, California 90232.

6.      Answering paragraph 6 of the FAC, Defendant admits that CAI, Backstage Web, Inc. and Shop on Stage, Inc. are California corporations.  As to the remainder of the allegations in paragraph 6 of the FAC, Defendant denies the allegations in this paragraph.

7.      Answering paragraph 7 of the FAC, Defendant admits that Defendant Christian Audigier is an individual residing in Los Angeles, California.

8.      Answering paragraph 8 of the FAC, Defendant denies the allegations in this paragraph.

9.      Answering paragraph 9 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.  Moreover, Defendant believes that "Doe defendants" are improper in Federal Court.

## ANSWER TO FACTUAL BACKGROUND ALLEGATIONS

10.     Answering paragraph 10 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

11.     Answering paragraph 11 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

12.     Answering paragraph 12 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

13.     Answering paragraph 13 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**CHRISTIAN AUDIGIER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
Case No. CV 08-03524 PA (CTx)

14.     Answering paragraph 14 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

15.     Answering paragraph 15 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

16.     Answering paragraph 16 of the FAC, Defendant admits that in August 2004, Nervous Tattoo entered into a license agreement (the "2004 Agreement") with Plaintiff.  Defendant further admits that the 2004 Agreement granted Nervous Tattoo the right to sell products bearing Plaintiff's trademarks and artwork.  As to the remainder of the allegations contained in paragraph 16 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

17.     Answering paragraph 17 of the FAC, Defendant admits that on or about September 18, 2005, Nervous Tattoo and Plaintiff entered into a "Restated and Amended License Agreement" (the "2005 Amended Agreement") and that Exhibit 3 to the FAC appears to be a true and correct copy of the 2005 Amended Agreement. As to the remaining allegations contained in paragraph 17 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

18.     Answering paragraph 18 of the FAC, Defendant denies the allegations in this paragraph.

19.     Answering paragraph 19 of the FAC, Defendant admits that Defendant Nervous Tattoo, Inc. ("Nervous Tattoo") uses the tagline "Ed Hardy ® By Christian Audigier" (the "Tagline").  As to the remaining allegations contained in paragraph 19 of the FAC, Defendant denies the allegations.

20.     Answering paragraph 20 of the FAC, Defendant denies the allegations in this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

21.     Answering paragraph 21 of the FAC, Defendant Nervous Tattoo admits that the 2005 Amended Agreement prohibits the distribution of certain "printed paper" and "cardboard" products but denies that it is distributing any products in violation of the 2005 Amended Agreement.  As to the remainder of the allegations contained in paragraph 21 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

22.     Answering paragraph 22 of the FAC, Defendant denies any "unauthorized use of Hardy Life's Trademarks" and denies the allegations in this paragraph.

23.     Answering paragraph 23 of the FAC, Defendant admits that CAI has a brand of clothing labeled "Christian Audigier" and that, at one or more outlets, the Ed Hardy line and CAI's clothing are offered for sale.  As to the remaining allegations contained in paragraph 23 of the FAC, Defendant denies the allegations.

24.     Answering paragraph 24 of the FAC, Defendant denies the allegations of this paragraph.

25.     Answering paragraph 25 of the FAC, Defendant denies that the 2005 Amended Agreement contains a specific provision that "prohibits Nervous Tattoo from preparing derivative works based on Hardy Life's Registered Artwork."  Other than a single advertisement for the "Lovestock" fashion show, which featured Ed Hardy products, and an erroneous advertisement on the Crystal Rock website that mistakenly incorporated elements of two of Plaintiff's designs (and which was removed upon discovery), Defendant denies the allegations of this paragraph.

26.     Answering paragraph 26 of the FAC, Defendant admits that the 2005 Amended Agreement does not allow usage of Plaintiff's Artwork (as defined in the 2005 Amended Agreement) on non-Ed Hardy line products.  As to the remaining allegations contained in paragraph 26 of the FAC, Defendant denies the allegations of this paragraph.

27.     Answering paragraph 27 of the FAC, Defendant admits registering some of the enumerated domain names.  As to the remaining allegations contained in paragraph 27 of the FAC, Defendant denies the allegations of this paragraph.

28.     Answering paragraph 28 of the FAC, Defendant denies the allegations of this paragraph.

29.     Answering paragraph 29 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT

30.     Answering paragraph 30 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 29 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

31.     Answering paragraph 31 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

32.     Answering paragraph 32 of the FAC, Defendant denies the allegations of this paragraph.

33.     Answering paragraph 33 of the FAC, Defendant denies the allegations of this paragraph.

34.     Answering paragraph 34 of the FAC, Defendant denies the allegations of this paragraph.

35.     Answering paragraph 35 of the FAC, Defendant denies the allegations of this paragraph.

36.     Answering paragraph 36 of the FAC, Defendant denies the allegations of this paragraph.

37.     Answering paragraph 37 of the FAC, Defendant denies the allegations of this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**CHRISTIAN AUDIGIER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
Case No. CV 08-03524 PA (CTx)

38.     Answering paragraph 38 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT

39.     Answering paragraph 39 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 38 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

40.     Answering paragraph 40 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

41.     Answering paragraph 41 of the FAC, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations in this paragraph.

42.     Answering paragraph 42 of the FAC, Defendant denies the allegations of this paragraph.

43.     Answering paragraph 43 of the FAC, Defendant denies the allegations of this paragraph.

44.     Answering paragraph 44 of the FAC, Defendant denies the allegations of this paragraph.

45.     Answering paragraph 45 of the FAC, Defendant denies the allegations of this paragraph.

46.     Answering paragraph 46 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO THIRD CLAIM FOR RELIEF
## FOR TRADEMARK COUNTERFEITING

47.     Answering paragraph 47 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 46 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

48.    Answering paragraph 48 of the FAC, Defendant denies the allegations of this paragraph.

49.    Answering paragraph 49 of the FAC, Defendant denies the allegations of this paragraph.

50.    Answering paragraph 50 of the FAC, Defendant denies the allegations of this paragraph.

51.    Answering paragraph 51 of the FAC, Defendant denies the allegations of this paragraph.

52.    Answering paragraph 52 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO FOURTH CLAIM FOR RELIEF
## FOR TRADEMARK DILUTION

53.    Answering paragraph 53 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 52 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

54.    Answering paragraph 54 of the FAC, Defendant denies the allegations of this paragraph.

55.    Answering paragraph 55 of the FAC, Defendant denies the allegations of this paragraph.

56.    Answering paragraph 56 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO FIFTH CLAIM FOR RELIEF
## FOR CYBERSQUATTING

57.    Answering paragraph 57 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 56 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

58.    Answering paragraph 58 of the FAC, Defendant denies the allegations of this paragraph.

**CHRISTIAN AUDIGIER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
Case No. CV 08-03524 PA (CTx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

59.     Answering paragraph 59 of the FAC, Defendant denies the allegations of this paragraph.

60.     Answering paragraph 60 of the FAC, Defendant denies the allegations of this paragraph.

61.     Answering paragraph 61 of the FAC, Defendant denies the allegations of this paragraph.

62.     Answering paragraph 62 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO SIXTH CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

63.     Answering paragraph 63 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 62 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

64.     Answering paragraph 64 of the FAC, Defendant denies the allegations of this paragraph.

65.     Answering paragraph 65 of the FAC, Defendant denies the allegations of this paragraph.

66.     Answering paragraph 66 of the FAC, Defendant denies the allegations of this paragraph.

67.     Answering paragraph 67 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO SEVENTH CLAIM FOR RELIEF
## FOR FALSE AND MISLEADING ADVERTISING

68.     Answering paragraph 68 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 67 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

69.     Answering paragraph 69 of the FAC, Defendant denies the allegations of this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

70.     Answering paragraph 70 of the FAC, Defendant denies the allegations of this paragraph.

71.     Answering paragraph 71 of the FAC, Defendant denies the allegations of this paragraph.

72.     Answering paragraph 72 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO EIGHTH CLAIM FOR RELIEF
## FOR TRADEMARK DILUTION

73.     Answering paragraph 73 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 72 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

74.     Answering paragraph 74 of the FAC, Defendant denies the allegations of this paragraph.

75.     Answering paragraph 75 of the FAC, Defendant denies the allegations of this paragraph.

76.     Answering paragraph 76 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO NINTH CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND
## FALSE AND MISLEADING ADVERTISING

77.     Answering paragraph 77 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 76 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

78.     Answering paragraph 78 of the FAC, Defendant denies the allegations of this paragraph.

79.     Answering paragraph 79 of the FAC, Defendant denies the allegations of this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

80.    Answering paragraph 80 of the FAC, Defendant denies the allegations of this paragraph.

81.    Answering paragraph 81 of the FAC, Defendant denies the allegations of this paragraph.

82.    Answering paragraph 82 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO TENTH CLAIM FOR RELIEF
## FOR CALIFORNIA CYBERSQUATTING

83.    Answering paragraph 83 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 82 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

84.    Answering paragraph 84 of the FAC, Defendant denies the allegations of this paragraph.

85.    Answering paragraph 85 of the FAC, Defendant denies the allegations of this paragraph.

86.    Answering paragraph 86 of the FAC, Defendant denies the allegations of this paragraph.

87.    Answering paragraph 87 of the FAC, Defendant denies the allegations of this paragraph.

88.    Answering paragraph 88 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO ELEVENTH CLAIM FOR RELIEF
## FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR
## COMPETITION

89.    Answering paragraph 89 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 88 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

90.     Answering paragraph 90 of the FAC, Defendant denies the allegations of this paragraph.

91.     Answering paragraph 91 of the FAC, Defendant denies the allegations of this paragraph.

92.     Answering paragraph 92 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO TWELFTH CLAIM FOR RELIEF
## FOR COMMON LAW FALSE AND MISLEADING ADVERTISING

93.     Answering paragraph 93 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 92 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

94.     Answering paragraph 94 of the FAC, Defendant denies the allegations of this paragraph.

95.     Answering paragraph 95 of the FAC, Defendant denies the allegations of this paragraph.

96.     Answering paragraph 96 of the FAC, Defendant denies the allegations of this paragraph.

97.     Answering paragraph 97 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO THIRTEENTH CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT

98.     Answering paragraph 98 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 97 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

99.     Answering paragraph 99 of the FAC, Defendant admits the allegations contained in this paragraph.

100.    Answering paragraph 100 of the FAC, Defendant denies the allegations of this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

101.   Answering paragraph 101 of the FAC, Defendant denies the allegations of this paragraph.

102.   Answering paragraph 102 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO FOURTEENTH CLAIM FOR RELIEF
## FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

103.   Answering paragraph 98 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 102 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

104.   Answering paragraph 104 of the FAC, Defendant admits the 2005 Amended Agreement contains a reciprocal implied covenant of good faith and fair dealing requiring that the parties thereto deal fairly and in good faith with each other and not do anything to frustrate the other's ability to realize the benefits of said Agreement.

105.   Answering paragraph 105 of the FAC, Defendant denies the allegations of this paragraph.

106.   Answering paragraph 106 of the FAC, Defendant denies the allegations of this paragraph.

107.   Answering paragraph 107 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO FIFTEENTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH CONTRACT

108.   Answering paragraph 108 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 107 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

109.   Answering paragraph 109 of the FAC, Defendant admits the allegations of this paragraph.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

110.   Answering paragraph 110 of the FAC, Defendant denies the allegations of this paragraph.

111.   Answering paragraph 111 of the FAC, Defendant denies the allegations of this paragraph.

112.   Answering paragraph 112 of the FAC, Defendant denies the allegations of this paragraph.

113.   Answering paragraph 113 of the FAC, Defendant denies the allegations of this paragraph.

114.   Answering paragraph 114 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO SIXTEENTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH EXISTING AND
## PROSPECTIVE BUSINESS ADVANTAGE

115.   Answering paragraph 115 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 114 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

116.   Answering paragraph 116 of the FAC, Defendant denies the allegations of this paragraph.

117.   Answering paragraph 117 of the FAC, Defendant denies the allegations of this paragraph.

118.   Answering paragraph 118 of the FAC, Defendant denies the allegations of this paragraph.

119.   Answering paragraph 119 of the FAC, Defendant denies the allegations of this paragraph.

120.   Answering paragraph 120 of the FAC, Defendant denies the allegations of this paragraph.

## ANSWER TO SEVENTEENTH CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF

121.   Answering paragraph 121 of the FAC, Defendant incorporates the statements made in paragraphs 1 through 120 above.  Except as expressly admitted therein, Defendant denies the remaining allegations contained in said paragraphs.

122.   Answering paragraph 122 of the FAC, Defendant denies the allegations contained in this paragraph.

123.   Answering paragraph 123 of the FAC, Defendant denies the allegations of this paragraph.

124.   Answering paragraph 124 of the FAC, Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegations set forth in the FAC, Defendant asserts the following affirmative defenses to the FAC and the claims for relief purportedly stated therein:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.   Plaintiff's FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.   Plaintiff's claims are barred to the extent that Plaintiff lacks standing.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3.   Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.   Plaintiff's claims are barred by waiver.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Plaintiff's claims are barred by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification, Consent and Acquiescence)

6.      Plaintiff's claims are bared because Plaintiff (and/or its agents) ratified, agreed to, consented to, and/or acquiesced in, the acts upon which its claims are based.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      Plaintiff's claims are barred by unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

8.      Defendant's alleged conduct constitutes fair use.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiff's claims are barred by laches.

## TENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

10.      Plaintiff's claims are barred because Defendant has not infringed any valid claim of any copyrights or trademarks belonging to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability of Copyrights and Trademarks)

11.      Plaintiff's claims are barred in whole or in part because Plaintiff's purported copyrights and trademarks are invalid, void and unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright and Trademark)

12.      Plaintiff's claims are barred by the doctrines of misuse of copyright and misuse of trademark.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Abandonment and Forfeiture)

13.     Plaintiff's claims are barred to the extent Plaintiff has forfeited or abandoned its intellectual property.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (License, Consent and Acquiescence)

14.     Plaintiff's claims are barred by Plaintiff's license, consent and acquiescence to the use of its purported intellectual property.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15.     Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16.     Plaintiff's claims are barred to the extent its claims are vague, ambiguous and uncertain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

17.     Plaintiff's claims are barred from recovery by virtue of Plaintiff's contributory and willful misconduct in and about the matters complained of in that the aforesaid misconduct of Plaintiff proximately caused the occurrence of the alleged acts and damages, if any, sustained thereby.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

18.     Any damage or loss sustained by Plaintiff was proximately caused and/or contributed to by Plaintiff's conduct, thereby precluding Plaintiff's claims entirely, reducing Plaintiff's recoverable damages, and/or entitling Defendant to a proportional set-off.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Register)

19.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has not properly or timely registered its works with the U.S. Copyright Office.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

20.     Plaintiff's claims are barred to the extent that Plaintiff has failed to join necessary and indispensable parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

21.     Plaintiff is not entitled to recover any damages against Defendant because Defendant's acts were justified, carried out in pursuit of its legitimate economic interests and commercially reasonable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimis*, Remote, Speculative or Transient Damages)

22.     Any losses or damages allegedly caused by Defendant and sustained by Plaintiff, which Defendant denies, are *de minimis*, remote, speculative, or transient and hence, not cognizable at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

23.     Any injury or harm allegedly caused by Defendant and sustained by Plaintiff, which Defendant denies, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (One Who Seeks Equity Must Do Equity)

24.     No relief may be obtained under the FAC by reason of Plaintiff's own inequitable conduct with respect to the matters alleged in the FAC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Superseding Cause)

25. If Plaintiff is entitled to any relief as a result of the facts alleged in the FAC, which Defendant denies, the acts of individuals or entities other than Defendant constitute a superseding cause of any damage, loss or detriment to Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Plaintiff Caused Own Damage)

26. Plaintiff's claims are barred, in whole or in part, on the grounds that the damages sustained by Plaintiff, if any, were proximately caused and contributed to by the legal fault of Plaintiff and/or Plaintiff's agents, other than Defendant, and for which Defendant was not and is not responsible.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Fault of Others)

27. Plaintiff's claims are barred, in whole or in part, on the grounds that any and all events and happenings, if any, referred to in the allegations of the FAC were proximately caused and contributed to by the legal fault of persons and/or entities other than Defendant, for which Defendant was not and is not responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Course of Dealing)

28. Plaintiff's claims are barred by its course of dealing and course of conduct both prior to and after entering into the 2005 Amended Agreement.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Good Faith/Innocent Intent)

29. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent, at all times.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Lack of Secondary Meaning)

30. Plaintiff's FAC, and the claims for relief alleged therein, are barred in

LA:221332.1

19

whole or in part because Plaintiff's trademarks, as alleged in the FAC, lack secondary meaning.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

31.     Any recovery of damages or other relief herein as alleged by Plaintiff would constitute an unjust enrichment of Plaintiff, and is therefore barred.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Breach of the Implied Covenant)

32.     Any recovery of damages or other relief pursuant to the 2004 Agreement or 2005 Amended Agreement, as alleged by Plaintiff, is barred because Plaintiff breached the implied covenant of good faith and fair dealing.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Termination of 2005 Amended Agreement)

33.     Any recovery of damages or other relief on the 2004 Agreement or 2005 Amended Agreement, as alleged by Plaintiff, is barred because Plaintiff has, after the commencement of this litigation, improperly attempted to terminate the 2005 Amended Agreement.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

34.     Plaintiff's claims are barred for lack of subject matter jurisdiction because it lacks valid registrations for the intellectual property rights asserted.  Additionally, this Court lacks subject matter jurisdiction to adjudicate the instant action insofar as the dispute revolves around the 2005 Amended Agreement, which contains a mandatory forum selection clause designating the Los Angeles Superior Court as the exclusive jurisdiction in the event of any dispute.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Improper Venue)

35.     The 2005 Amended Agreement contains a mandatory forum selection

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

clause designating the Los Angeles Superior Court as the exclusive, proper venue for the within action.  This Court is, therefore, the improper venue for this case.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Fair Use Regarding Trademarks)

36.     The FAC, and the claims for relief alleged therein against Defendant, are barred in whole or in part by reason of Defendant's fair use of the trademarks that form the bases for the allegations in the FAC.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Substantial Similarity)

37.     The FAC, and the claims for relief alleged therein against Defendant, are barred in whole or in part because Defendant's designs are not substantially similar to Plaintiff's designs.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Independent Creation)

38.     Without conceding actual use or any similarity whatsoever, Defendant, in whole or in part, clearly, positively and without contradiction independently created certain designs at issue in this action, and Plaintiff cannot, as a matter of law, establish any infringement.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Illegal Derivative Works)

39.     The FAC, and the claims for relief alleged therein against Defendant, are barred in whole or in part to the extent Plaintiff did not originate the works at issue.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Individual Liability for Corporate Acts)

40.     The FAC, and the claims for relief alleged therein against Defendant, are barred in whole or in part as the FAC alleges solely corporate acts for which Defendant cannot be liable.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

41.     Defendant alleges that he presently has insufficient knowledge and information as to whether he may have additional defenses available.  Defendant, therefore, reserve his right to assert additional defenses that further discovery or investigation indicates to be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff takes nothing by its First Amended Complaint;

2.     That the First Amended Complaint by Plaintiff on file herein be dismissed with prejudice;

3.     For judgment in favor of Defendant and against Plaintiff on each of the claims for relief alleged in Plaintiff's First Amended Complaint;

4.     That Defendant recovers from Plaintiff his reasonable attorneys' fees as allowed by law;

5.     That Defendant recovers from Plaintiff their costs of suit; and

6.     For such other, further and/or different relief as may be deemed just and proper.

Dated:  August 25, 2008             WINSTON & STRAWN LLP


By:      /s/  Michael S. Elkin
    Michael S. Elkin
    200 Park Avenue
    New York, New York  10166
    (212) 294-6700
    (212) 294-4700 (Facsimile)

    and

    Rebecca L. Calkins
    333 So. Grand Avenue, 38th Floor
    Los Angeles, California 90071
    (213) 615-1700
    (213) 615-1750 (Facsimile)

    Attorneys for Defendant Christian Audigier

**CHRISTIAN AUDIGIER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
Case No. CV 08-03524 PA (CTx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated:  August 25, 2008                    WINSTON & STRAWN LLP


By:  _____/s/  Michael S. Elkin_____
Michael S. Elkin
200 Park Avenue
New York, New York  10166
(212) 294-6700
(212) 294-4700 (Facsimile)

and

Rebecca L. Calkins
333 So. Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700
(213) 615-1750 (Facsimile)

Attorneys for Defendant Christian Audigier

**CHRISTIAN AUDIGIER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
Case No. CV 08-03524 PA (CTx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543