UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE PERCY ANDERSON, JUDGE PRESIDING

HARDY LIFE, LLC,             )
                             )
                             )
                             )
            Plaintiff,       )
                             )
                             )
                             )
       Vs.                   )   No. CV 08-3524 PA
                             )
                             )
                             )
NERVOUS TATTOO, INC., ET AL.,)
                             )
                             )
                             )
            Defendants.      )
                             )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

LOS ANGELES, CALIFORNIA

MONDAY, SEPTEMBER 29, 2008




LEANDRA AMBER, CSR 12070, RPR
OFFICIAL U.S. DISTRICT COURT REPORTER
312 NORTH SPRING STREET, #442
LOS ANGELES, CALIFORNIA 90012
(213) 613-0179

**A P P E A R A N C E S**

**IN BEHALF OF THE PLAINTIFF,
HARDY LIFE, LLC:**
McDERMOTT, WILL & EMERY, LLP
BY:  ELLIOT SILVERMAN, ESQ.
18191 VON KARMAN AVENUE
SUITE 400
IRVINE, CA 92612-7107
(949) 757-7105


McDERMOTT WILL & EMERY
BY: JOHN J. DABNEY, ESQ.
    RITA W. SIAMAS, ESQ.
600 THIRTEENTH STREET, NW
WASHINGTON, DC 20005-3096
(202) 756-8000
jdabney@mwe.com
rsiamas@mwe.com


**IN BEHALF OF THE DEFENDANT,
NERVOUS TATTOO, INC., ET AL.:**
DICKSTEIN SHAPIRO LLP
BY:   JAMES H. TURKEN, ESQ.
      JOHN LANCE TUELL, ESQ.
2049 CENTURY PARK EAST
SUITE 700
LOS ANGELES, CA 90067-3109
(310) 772-8300
tuellj@dicksteinshaprio.com

```
 1                    A P P E A R A N C E S
                           (CONTINUED)
 2

 3   FOR THE DEFENDANT, CHRISTIAN
     AUDIGIER, INC.:              WINSTON & STRAWN LLP
 4                                BY:  MICHAEL S. ELKIN, ESQ.
                                  200 PARK AVENUE
 5                                NEW YORK, NEW YORK
                                  10022-6225
 6                                (212) 294-6700
                                  melkin@winston.com
 7
                                  WINSTON & STRAWN
 8                                BY:  REBECCA LAWLOR CALKINS, ESQ.
                                  333 SOUTH HOPE STREET
 9                                38TH FLOOR
                                  LOS ANGELES, CA 90071
10                                (213) 615-1700
                                  rcalkins@winston.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                           **I N D E X**

2                                                                **PAGE**

3

4    **HEARING:**   MOTION HEARING                                   5

5

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 29, 2008
 2                               1:37 P.M.
 3                                -o0o-
 4
 5            THE CLERK:  Calling Case Number CV 08-3524,
 6   Hardy Life versus Nervous Tattoo, Inc., et al.
 7            Counsel, please state your appearances.
 8            MR. DABNEY:  John -- John Dabney for plaintiff
 9   Hardy Life.
10            THE COURT:  You know, it must be something with the
11   courtroom, but I don't hear people very well if they don't
12   stand up.
13            MR. DABNEY:  Sorry, your Honor.
14            John Dabney for plaintiff Hardy Life.
15            THE COURT:  Good afternoon.
16            MR. SILVERMAN:  Elliot Silverman, also of McDermott
17   Will & Emery, for Hardy Life.
18            MS. SIAMAS:  Rita Siamas for Hardy Life.
19            THE COURT:  Good afternoon.
20            MR. TURKEN:  Good afternoon, your Honor.
21            James Turken of Dickstein Shapiro on behalf of
22   defendant and counterclaimant Nervous Tattoo and defendants
23   Christian Audigier, Inc., Backstage Web, and Shop on Stage.
24            MR. TUELL:  Good afternoon, your Honor.
25            John Tuell on behalf of the same parties.
```

```
 1              MR. ELKIN:  Good afternoon, your Honor.
 2              Michael Elkin of Winston Strawn representing the
 3    defendant Christian Audigier.
 4              MS. CALKINS:  Good afternoon, your Honor.
 5              Rebecca Calkins on behalf of defendant Christian
 6    Audigier.
 7              THE COURT:  Good afternoon.
 8              All right.  We're here this afternoon to resolve a
 9    motion for an injunction that's been filed by the defendants.
10              I believe the last time we were here I had
11    suggested to the parties they might want to see if they can
12    resolve these issues pending a trial but....
13              So do you still wish to be heard on your motion?
14              MR. TURKEN:  Thank you, your Honor.
15              The issue is we do -- absent a stipulation, the
16    parties met and -- well, we had a telephonic meet and confer
17    on Thursday morning.  We believe we had reached a resolution.
18    We sent confirmation Friday afternoon.  We got something else
19    back.  We've been going back and forth.
20              For the Court's knowledge I believe there's one
21    issue that the parties have not agreed on.  We have agreed --
22    they have agreed to maintaining the status quo that -- you
23    know, the requested relief.  We have agreed to a much faster
24    trial date, and defendants are prepared to take any trial
25    date.
```

1             We have agreed on our -- on our part that we will
2    continue to abide by the terms of the agreement, which mean
3    making royalty payments due as they come due without offset
4    or escrow of any funds.  And the plaintiff seems to have an
5    issue with the discovery.
6             We pointed out that we have no objections to
7    legitimate discovery of our license -- sublicensees
8    manufacturers, and we do have no objection to it.  Our
9    sticking point seems to be me they want to come up with
10   a series of examples of what they can do and ask us in
11   advance to waive any rights if they do it improperly.
12            Our position is they can take any discovery they
13   want that's legitimate.  If we have a problem with it, we
14   have a remedy, as do they.
15            Thank you, your Honor.  That's where we are.
16            MR. DABNEY:  Your Honor, may I be heard on that?
17            I believe Mr. Turken is correct.  We are down to
18   one issue.  The issue is the scope of what we're allowed to
19   say in conducting third-party issues.  We've asked for
20   clarification as to what the plaintiffs mean by "legitimate
21   third-party discovery" because there's a real issue in their
22   counterclaims.  They've sued Hardy Life for merely serving
23   document subpoenas on third parties.
24            So what we had proposed to put in the stipulation
25   was pretty noncontroversial things, such as if we -- if

1   someone asks us if one of these third party -- parties asks
2   us what the allegations are in the operative complaint that
3   we're allowed to say that.
4              Or, alternatively, if we have to file a motion to
5   compel compliance with the -- with a third-party subpoena,
6   that in the motion we're allowed to set forth the allegations
7   in the operative complaint.  The defendants are -- so far
8   have been unwilling to agree to those things in the
9   stipulation, which give us pause because if we go forward
10  based on a misunderstanding, we are potentially in contempt
11  of court, your Honor.
12             THE COURT:  Well, I doubt that -- if that's what
13  this dispute is about, I doubt you're going to be held in
14  contempt of court for any of those issues.  So, again, if you
15  want to try to resolve this remaining issue --
16             Look, if it's going to come before me to resolve
17  any future disputes about what you said to third parties,
18  I think I have a sense of what the lawsuit is about.  And
19  certainly anything that's a matter of public record is not
20  going to be a problem.
21             MR. DABNEY:  I think we have a deal then, your
22  Honor.
23             THE COURT:  Okay.
24             MR. TURKEN:  That's correct, your Honor.
25             THE COURT:  Okay.  So if you want to reduce that to

```
 1    a stipulation, that's fine.  You can present it to the Court.
 2              MR. DABNEY:  We'll do that, your Honor.
 3              THE COURT:  All right.  All right.  So I'm going
 4    to -- in light of the parties' representations that they've
 5    come to an agreement concerning this motion, I'm going to
 6    deny the motion without prejudice so that if for some reason
 7    the stipulation isn't consummated you can re-notice it.
 8              MR. TURKEN:  Thank you, your Honor.
 9              THE COURT:  All right.  Why don't we turn to the
10    trial setting.
11              I have prepared a protective order that will govern
12    the disclosure and dissemination of confidential and
13    proprietary information in this case.  The parties are
14    certainly free to seek greater protection if they choose, but
15    the lack of a protective order should not delay discovery in
16    this case.
17              So I've signed that order.  The clerk will file it
18    today, and you can get a copy tomorrow; so that's one issue
19    we don't have to worry about.
20              As I understand it, the parties want to go to
21    private mediation.
22              MR. TURKEN:  Yes, your Honor.  We would prefer to
23    rather than talking to a hired retired judge.
24              THE COURT:  Okay.  I take it you haven't been --
25    agreed upon who that mediator is going to be.
```

1     MR. DABNEY:  No.  We have not, your Honor.  We
2  haven't discussed it in detail about what particular
3  mediator.
4     THE COURT:  Okay.  You have --
5     Yes?
6     MR. ELKIN:  Just for the record's sake, Mr. Turken
7  clearly represented the position of all the defendants.
8     THE COURT:  All right.  You have 14 days to see if
9  you can agree on a mediator.  If you can't agree, each
10 side -- I'm going to consider this as just two sides -- you
11 can submit a name to the Court, and the Court will randomly
12 select the mediator.
13     So let us know in a pleading if you've been able to
14 agree.  And if not, submit a name, and the Court will
15 randomly select a mediator.
16     What's the plaintiff's estimate as to how long it's
17 going to take to put on its case?
18     MR. DABNEY:  Your Honor, I believe a week to two
19 weeks.
20     THE COURT:  Do you have an idea of how many
21 witnesses you plan on calling?
22     MR. DABNEY:  It's difficult to -- right now that's
23 difficult to estimate.  I am thinking on my feet here.  I'd
24 probably say it could be nine to ten, including damage
25 experts, other sorts of experts.

```
 1              THE COURT:  Okay.  So nine or ten, including
 2   experts?
 3              MR. DABNEY:  Yes, your Honor.
 4              THE COURT:  Okay.  And aside from a damages expert,
 5   what other experts are you going to call?
 6              MR. DABNEY:  Well, we're still determining that,
 7   your Honor, but right now possible experts that we're going
 8   to use are a survey expert, a marketing expert, and maybe a
 9   fashion industry expert, your Honor.
10              THE COURT:  Okay.  And how long does the defendants
11   anticipate it taking to put on their case?
12              MR. TURKEN:  I do not an anticipate it would take
13   all defendants more than five days to put on our case, your
14   Honor.  I would also point out for the Court's scheduling
15   that we've been advised by plaintiff's counsel that they may
16   be bringing in our sublicensees as defendants.  I have no
17   idea how that's going to impact the situation.
18              THE COURT:  Okay.  Well, let's try to figure out a
19   trial date in this case.
20              MR. DABNEY:  Your Honor, one of the things that
21   we've stipulated to was that the parties were going to
22   request an earlier trial date than what had been prepared in
23   the joint order.
24              THE COURT:  Okay.  What date were you going to ask
25   for?
```

1   MR. DABNEY:  I believe it was in late February or
2  March.
3   MR. TURKEN:  That's correct, your Honor.  We would
4  ask for early March -- was that -- for early March, if it's
5  at all possible.
6   THE COURT:  Well, I think that given the Court's
7  schedule, especially with the rash of criminal cases I seem
8  to have inherited recently, probably the earliest we're going
9  to be able to try this case is June 9th, and that will be at
10  9:00 o'clock.
11   Is this going to be a jury trial?
12   MR. DABNEY:  Yes, your Honor.
13   THE COURT:  Okay.  You should file your final trial
14  exhibit stipulation on June 4th.  I'll hear motions in limine
15  and any disputes you have about jury instructions on June 1st
16  at 1:30.  The final pretrial conference will be May 15th at
17  1:30.
18   Your motions in limine should be filed at that
19  time, along with any questions you want me to ask the jury,
20  along with an agreed-to statement of the case to be read to
21  the jury.
22   You should lodge your proposed pretrial conference
23  order and pretrial exhibit stipulation on May 1st, along with
24  your contentions of fact and law, your exhibit and witness
25  list, a status report regarding settlement, an agreed-upon

1    set of jury instructions and verdict forms, and a joint
2    statement regarding any disputed jury instructions.
3         The last day to conduct a settlement conference in
4    this case is April the 13th.  The last day to hear
5    dispositive motions is April the 6th.  The discovery cutoff
6    is March 30th.  The last day to have a motion heard to amend
7    the pleadings or add additional parties is December 15th.
8    There will be a minute order that will go out today in case
9    you missed any of those dates.
10        MR. TURKEN:  Your Honor?
11        THE COURT:  Yes.
12        MR. TURKEN:  May I ask for the Court's indulgence
13   on one matter.
14        With respect to our stipulation concerning the
15   status quo, that's important to my client.  Can we simply
16   agree that the oral statements on the record are sufficient
17   for the stipulation to move forward so that my client has
18   protection?
19        MR. DABNEY:  That's fine, your Honor.
20        MR. TURKEN:  Thank you very much.
21        THE COURT:  All right.  Is there anything else that
22   we need to take up today?
23        MR. TURKEN:  No, your Honor.  Thank you.
24        MR. ELKIN:  No, your Honor.  Thank you very much.
25        MR. TUELL:  No, your Honor.

```
 1              THE COURT:  All right.  Anything from the
 2    plaintiffs?
 3              MR. DABNEY:  No, your Honor.
 4              THE COURT:  Okay.  All right.  Thank you very much.
 5    Those orders will be entered today.  They should be available
 6    tomorrow.
 7              Thank you.
 8              (Whereupon, at 1:52 p.m. the proceeding concluded.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```