# EXHIBIT A

1  RITA W. SIAMAS (State Bar No. 232396)
   rsiamas@mwe.com
2  JOHN J. DABNEY (Admitted *Pro Hac Vice*)
   jdabney@mwe.com
3  McDERMOTT WILL & EMERY LLP
   600 Thirteenth Street, N.W.
4  Washington, D.C. 20005-3096
   Telephone: 202.756.8000
5  Facsimile: 202.756.8087

6  ELLIOT SILVERMAN (State Bar No. 222235)
   esilverman@mwe.com
7  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue
8  Suite 500
   Irvine, CA 92612-7108
9  Telephone: 949.851.0633
   Facsimile: 949.851.9348

10 Attorneys for Hardy Life, LLC

11

12                    UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

14 HARDY LIFE, LLC, a California limited    )  CASE NO. CV08-03524-PA
   liability company,                       )  (CTx)
15                                          )
              Plaintiff,                     )  **HARDY LIFE, LLC'S FIRST**
16                                          )  **AMENDED COMPLAINT**
       v.                                    )  **FOR:**
17                                          )
18 NERVOUS TATTOO, INC., a California        )
   corporation; CHRISTIAN AUDIGIER,         )  **1) FEDERAL COPYRIGHT**
19 INC., a California corporation;           )  **INFRINGEMENT (17 U.S.C. §**
   CHRISTIAN AUDIGIER, a California          )  **501)**
20 resident; BACKSTAGE WEB, INC., a          )
   California corporation; SHOP ON           )  **2) FEDERAL TRADEMARK**
21 STAGE, INC., a California corporation,    )  **INFRINGEMENT (15 U.S.C. §**
   and DOES 1-10, inclusive,                )  **1114(1))**
22                                          )
23                                          )
              Defendants.                    )  **3) FEDERAL TRADEMARK**
24                                          )  **COUNTERFEITING (15 U.S.C.**
                                            )  **§ 1114(1))**
25                                          )
26                                          )  **4) FEDERAL TRADEMARK**
27                                          )  **DILUTION (15 U.S.C. §**
                                            )  **1125(c))**
28

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT                                    CV08 03524 PA (CTX)

EXHIBIT A

Siamas Dec., P.5

5) FEDERAL CYBERSQUATTING (15 U.S.C. § 1125(D))

6) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

7) FEDERAL FALSE AND MISLEADING ADVERTISING (15 U.S.C. § 1125(A))

8) CALIFORNIA TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14330)

9) CALIFORNIA UNFAIR COMPETITION AND FALSE AND MISLEADING ADVERTISING (CAL. BUS. & PROF. CODE § 17200)

10) CALIFORNIA CYBERSQUATTING (CAL. BUS. & PROF. CODE § 17525)

11) CALIFORNIA TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

12) COMMON LAW FALSE AND MISLEADING ADVERTISING

13) BREACH OF CONTRACT

14) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 2 -

CV08 03524 PA (CTX)

1  **15) TORTIOUS**
   **INTERFERENCE WITH**
2  **CONTRACT**

3  **16) TORTIOUS**
   **INTERFERENCE WITH**
4  **PROSPECTIVE AND**

5  **EXISTING BUSINESS**
   **ADVANTAGE**
6

7  **17) DECLARATORY**
   **JUDGMENT THAT**
8  **CONTRACT TERMINATION**
   **WAS PROPER**
9

   **DEMAND FOR JURY TRIAL**
10

11

12      Hardy Life, LLC ("Hardy Life") brings this action against Defendants

13  Nervous Tattoo, Inc.; Christian Audigier, Inc.; Backstage Web, Inc.; Shop on Stage,

14  Inc.; Christian Audigier; and Does 1-10 (collectively, "Defendants"), and for its

15  First Amended Complaint alleges as follows:

16                  **<u>JURISDICTION AND VENUE</u>**

17      1.      Hardy Life asserts claims against Defendants arising under the

18  Copyright Act of 1976 (the "Copyright Act"), as amended, 17 U.S.C. §§ 101 *et*

19  *seq.*, the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §§

20  1051 *et seq.*, and California law.

21      2.      This Court has subject matter jurisdiction over the federal claims under

22  28 U.S.C. §§ 1338 and 1331.  This Court has supplemental jurisdiction over the

23  California law claims under 28 U.S.C. § 1367(a).

24      3.      This Court has personal jurisdiction over Defendants, and venue is

25  proper under 28 U.S.C. §§ 1391 and 1400.  This Court has personal jurisdiction

26  over all Defendants pursuant to California Code of Civil Procedure § 410.10.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THE PARTIES

4.     Hardy Life is a California limited liability company maintaining its principal place of business at 849 S. Broadway, Suite 1102, Los Angeles, California 90014.  Hardy Life owns the trademarks ED HARDY, DON ED HARDY, HARDY, DEH and formatives thereof (collectively, "Hardy Life's Trademarks"), as well as certain artwork created by Donald Edward Hardy, a world-renowned artist.

5.     Hardy Life is informed and believes, and on that basis alleges, that Defendant Nervous Tattoo, Inc. ("NT") is a California corporation, with a place of business at 8680 Hayden Place, Culver City, California 90232.

6.     Hardy Life is informed and believes, and on that basis alleges, that Defendants Christian Audigier, Inc. ("CA"), Backstage Web, Inc. ("Backstage") and Shop on Stage, Inc. ("SOS") are California corporations with places of business at 1135 N. Mansfield Avenue, Los Angeles, California 90038.

7.     Hardy Life is informed and believes, and on that basis alleges, that Defendant Christian Audigier is an individual residing at 600 South Muirfield Road in Los Angeles, California.

8.     Mr. Audigier owns and controls Defendants NT, CA, Backstage and SOS.  Mr. Audigier personally participates in the wrongful acts alleged herein; directs, oversees, controls, ratifies, and facilitates the wrongful acts alleged herein; intentionally induced one or more of Defendants to engage in wrongful acts; and otherwise participates with Defendants in the wrongful acts alleged herein.

9.     Hardy Life is informed and believes, and on that basis alleges, that each of the yet-to-be-identified Doe Defendants are present and/or doing business in California and are subject to the jurisdiction of this Court.  Hardy Life is informed and believes, and on that basis alleges, that the yet-to-be-identified Doe Defendants either directly performed the acts alleged herein or were acting as the agent, principal, alter ego, employee, or representative of one or more of

1  Defendants, or otherwise participated in the wrongful acts alleged herein with

2  Defendants.

## **FACTUAL BACKGROUND**

4  I.   **Plaintiff Hardy Life**

5       10.   Donald Edward Hardy is a renowned painter, printmaker and tattoo

6  artist.  Tattooing professionally since 1967, Mr. Hardy transformed the tattoo

7  medium by introducing fine art techniques into tattoo designs.  Mr. Hardy expanded

8  the illustrative possibilities of tattoo design by using bold splashes of color,

9  gradations, and an airbrush style.

10      11.   In 2004, Mr. Hardy and his business partner formed Hardy Life to

11  license Mr. Hardy's trademarks, copyrights and artwork to third parties.

12      12.   Hardy Life owns the following tattoo designs: (1) Three Vintage Roses

13  with Buds; (2) Vintage Rose Vine with Two Roses; (3) Ed Hardy's Devil Woman;

14  (4) Once Wounded Twice Shy – Dagger through Heart; (5) Koi Swimming in

15  Flowers and Blue Waves; (6) Koi Swimming in Flowers and Black Waves; (7)

16  Battle; (8) Geisha; (9) Ed Hardy Eagle; (10) Devil With Pitchfork; and (11)

17  Bulldog.  Hardy Life also owns approximately 1,300 additional tattoo designs,

18  including the following designs for which Hardy Life has filed expedited copyright

19  applications in the United States Copyright Office: (1) Famous Skunk; (2) George;

20  (3) Justin; (4) L.A.; (5) Mick; (6) Mick EH; (7) New York City; (8) Pamela; (9)

21  Princess; (10) Puffy; (11) Tattoo You; (12) Tattoo You in Blood; (13) Ed Hardy's

22  California Rose; (14) Blood Money; (15) Bulldogs Rule; (16) Chinese Dragon; (17)

23  Cruel Cross; (18) Diving Eagle 2; (19) Eagle U.S.A.; (20) Electric Tiger in Derby;

24  (21) Eyedagger; (22) Falling Cherries; (23) Flag & Eagle; (24) Gold Koi; (25)

25  Hope; (26) Hopeful Cross; (27) Indian Girl; (28) Indian Princess; (29) King of

26  Beasts; (30) Krazy Love; (31) L.A. Dog; (32) Leaping Lion; (33) Lightening

27  Flower; (34) London; (35) Loverboy; (36) Lucky Skull; (37) Pandragon; (38) Paris;

28  (39) Peony and Bud; (40) Peony Butterfly; (41) Pink Koi Ascending; (42) Raining

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 5 -

CV08 03524 PA (CTX)

Siamas Dec., P.9

Roses; (43) Roma; (44) Speed Kills; (45) Speed Tiger; (46) Speedy; (47) Summer Peony; (48) Wild Love; (49) 2 Koi; (50) California Wave; (51) Devil Mermaid; (51) Free Forever; (52) Hellcat; (53) Mermaid; (54) Nailed; (55) Pirate cutie; (56) Pirate Princess; (57) Pray for Surf; (58) Purple bikini; (59) Surf Hardy; (60) Surfin' Panther; (61) Wave Angel; (62) Wave Bird; (63) Blood Money; (64) Black Rose; (65) Shark; (66) Snoopy; (67) Beyonce; (68) Brad; (69) Britney; (70) Hollywood; (71) Jennifer; (72) Natural Mystic; (73) Hilton Sisters; (74) Blue Bikini; and (75) Red Bikini.

13.    True and correct copies of Hardy Life's copyright registrations and applications are attached as Exhibit 1.  Hardy Life's federally registered and applied-for copyrights are collectively referred to as "Hardy Life's Registered Artwork."

14.    Hardy Life owns U.S. Trademark Registration No. 3,124,710 for DON ED HARDY for clothing, shoes, and hats; U.S. Trademark Registration No. 3,135,603 for ED HARDY for clothing, footwear, belt buckles, and other accessories; and U.S. Trademark Registration No. 3,141,658 for ED HARDY (in stylized form) for clothing, footwear, headwear, and other accessories.  True and correct copy of these registrations are attached as Exhibit 2.  All of these registrations are listed on the Principal Register of the United States Patent and Trademark Office and are valid and subsisting.  Hardy Life's federally registered trademarks are collectively referred to as "Hardy Life's Registered Trademarks."

15.    Hardy Life also owns common law trademarks for, among other marks, DON ED HARDY, ED HARDY, HARDY and DEH and formatives thereof for clothing, footwear, headwear, belt buckles and other accessories and related products and services.

## II.   The License Agreement Between Plaintiff Hardy Life and Defendant NT

16.   In 2004, Hardy Life entered into a license agreement with NT whereby NT was granted a license to sell certain types of products bearing Hardy Life's Trademarks, copyrights and artwork.

17.   On September 18, 2005, Hardy Life and NT executed a "Restated and Amended License Agreement" (the "2005 Agreement"). The 2005 Agreement supersedes the 2004 Agreement. A true and correct copy of the 2005 Agreement is attached as Exhibit 3.

### A.   Trademark Infringement

18.   The 2005 Agreement requires NT to obtain Hardy Life's permission prior to using Hardy Life's Trademarks on products, labels, tags, packaging and advertising and promotional materials. Hardy Life has a written outstanding request that NT furnish sample products, labels, tags, packaging and advertising and promotional materials bearing Hardy Life's Trademarks so that Hardy Life can approve or disapprove of the proposed uses of Hardy Life's Trademarks. NT refuses to furnish sample products, labels, tags, packaging and advertising and promotional materials. NT distributes products, labels, tags, packaging and advertising and promotional materials bearing Hardy Life's Trademarks without Hardy Life's permission and over Hardy Life's objection. True and correct photocopies of a sampling of Defendants' unauthorized products, labels, tags, packaging and promotional materials are attached as Exhibit 4.

19.   Defendants are distributing products and promotional materials bearing the unauthorized tagline, "Ed Hardy by Christian Audigier" (the "Unauthorized Tagline"). Hardy Life never approved the use of the Unauthorized Tagline and objects to that use. True and correct copies of Defendants' products and promotional materials bearing the Unauthorized Tagline are attached as Exhibit 5.

20.     The 2005 Agreement prohibits NT from entering into sublicenses for men's and women's tops and headwear bearing Hardy Life's Trademarks.  NT has entered into unauthorized sublicenses for men's and women's tops and headwear, including helmets, bearing Hardy Life's Trademarks.  Hardy Life does not approve these sublicenses and objects to them.

21.     The 2005 Agreement prohibits NT from distributing products bearing Hardy Life's Trademarks that are made out of "paper" or "cardboard."  Defendants are distributing "cardboard" air fresheners and "paper" school supplies bearing Hardy Life's Trademarks.  Hardy Life does not approve these products and objects to them.

22.     Defendants' unauthorized use of Hardy Life's Trademarks is likely to cause confusion, mistake and deception as to the origin and approval of Defendants' products, packaging, tags, labels and advertising and promotional materials.

23.     Defendants launched the CHRISTIAN AUDIGIER clothing line in competition with Hardy Life's ED HARDY clothing line.  Defendants' CHRISTIAN AUDIGIER clothing line features tattoo artwork and is similar in style to Hardy Life's ED HARDY clothing line.  Defendants offer Hardy Life's ED HARDY clothing line and Defendants' CHRISTIAN AUDIGIER clothing line at the same outlets and on the same web sites.  Defendants advertise Defendants' CHRISTIAN AUDIGIER clothing line and Hardy Life's ED HARDY clothing line in the same advertising media and to the same consumers.

24.     Defendants' use of CHRISTIAN AUDIGIER for Defendants' CHRISTIAN AUDIGIER clothing line is likely to cause confusion, mistake and deception with regard to the origin and sponsorship of those products.  Consumers are likely to believe that the products that comprise Defendants' CHRISTIAN AUDIGIER clothing line are approved or endorsed by Hardy Life or Mr. Hardy.

## B.   Copyright Infringement

25.   The 2005 Agreement prohibits NT from preparing derivative works based on Hardy Life's Registered Artwork.  Defendants have created unauthorized derivative works based upon Hardy Life's Registered Artwork.  Defendants have substantially re-drawn and re-colored Hardy Life's Registered Artwork. Defendants have deleted graphic elements from Hardy Life's Registered Artwork, added graphic elements to Hardy Life's Registered Artwork, and combined two or more of pieces of Hardy Life's Registered Artwork.  True and correct photocopies of a sampling of Defendants' infringing derivative works are attached as Exhibit 6.

26.   The 2005 Agreement prohibits NT from using Hardy Life's Registered Artwork on products and materials that do not bear Hardy Life's Trademarks and Hardy Life objects to all such use.  Defendants have prepared derivative works and unauthorized copies of Hardy Life's Registered Artwork to promote and sell products under Defendants' CRYSTAL ROCK and CHRISTIAN AUDIGIER brands.  True and correct photocopies of a sampling of Defendants' unauthorized works are attached as Exhibit 7.

## C.   Cybersquatting

27.   Hardy Life is informed and believes, and on that basis alleges, that Defendants registered and are using the domain names <*donedhardy.com*>, <*edhardyshop.com*>, <*edhardyonline.com*>, <*edhardyenergydrink.com*>, <*donedhardyjeans.com*>, <*edhardybags.com*>, <*edhardybeverages.com*>, and <*edhardyairfresh.com*> in bad faith with the intent to profit from Hardy Life's Trademarks.  Hardy Life has not authorized Defendants to register or use these domain names.

28.   Hardy Life notified NT of material breaches of the 2005 Agreement and gave NT an opportunity to cure material breaches.  NT continues to materially breach the 2005 Agreement.  Hardy Life terminated the 2005 Agreement.

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 11 of 27   Page ID
#:2587
Case 2:08-cv-03524-PA-CT   Document 94   Filed 08/04/2008   Page 10 of 26

29.     Defendants' unauthorized use of Hardy Life's Trademarks, Registered Artwork and domain names is a willful attempt to trade off the goodwill and reputation of Hardy Life's Trademarks.  Defendants' use of CHRISTIAN AUDIGIER for a competing clothing line is a deliberate attempt to harm Hardy Life and to trade off Hardy Life's Trademarks at Hardy Life's expense.

## **FIRST CLAIM FOR RELIEF**

### **Copyright Infringement, 17 U.S.C. § 501**

30.     Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-29 of this First Amended Complaint.

31.     Hardy Life owns Hardy Life's Registered Artwork.  Ex. 1.

32.     Defendants have created unauthorized derivative works based on Hardy Life's Registered Artwork, and have sold, offered for sale, advertised, and distributed products and materials incorporating those derivative works.

33.     Defendants have improperly copied Hardy Life's Registered Artwork, have improperly displayed and disseminated copies of Hardy Life's Registered Artwork, and have improperly sold, offered for sale, advertised, and distributed products incorporating Hardy Life's Registered Artwork, including products and materials under Defendants' CHRISTIAN AUDIGIER and CRYSTAL ROCK brands.  Ex. 7.

34.     Defendants' acts constitute direct copyright infringement, contributory copyright infringement, and inducement of the infringement of Hardy Life's Registered Artwork.

35.     Defendants' infringing activities are willful and deliberate and in conscious disregard of Hardy Life's rights.

36.     Defendants' actions have caused Hardy Life to suffer monetary damages in an amount not yet known but to be determined at trial.  Defendants have derived income and profits from their infringing conduct.

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 12 of 27   Page ID
#:2588
Case 2:08-cv-03524-PA-CT   Document 54   Filed 08/04/2008   Page 11 of 26

1       37.    Defendants' acts irreparably injure Hardy Life's business, reputation,

2    goodwill and Registered Artwork.  Hardy Life has no adequate remedy at law.

3       38.    Pursuant to 17 U.S.C. § 502, Hardy Life is entitled to an order

4    enjoining Defendants from using its Registered Artwork.  Pursuant to 17 U.S.C. §

5    504(b), Hardy Life is entitled to recover actual damages from Defendants'

6    infringement and Defendants' profits.  Pursuant to 17 U.S.C. §§ 504(c), 505, Hardy

7    Life is entitled to recover statutory damages and costs and attorney fees.

8

**SECOND CLAIM FOR RELIEF**

9

**Trademark Infringement, 15 U.S.C. § 1114**

10      39.    Hardy Life re-alleges and incorporates by reference the allegations set

11    forth in Paragraphs 1-38 of this First Amended Complaint.

12      40.    Hardy Life owns Hardy's Life's Registered Marks.  Ex. 2.

13      41.    Hardy Life's Registered Marks are famous and distinctive and were so

14    prior to Defendants' acts complained of herein.

15      42.    Defendants have adopted and used Hardy Life's Registered Marks

16    without Hardy Life's approval in an effort to trade on the goodwill of those marks.

17      43.    Defendants' unauthorized use of Hardy Life's Registered Marks

18    constitutes trademark infringement and contributory trademark infringement in

19    violation of 15 U.S.C. § 1114, because such use is likely to cause confusion,

20    mistake, or deception.

21      44.    Hardy Life has suffered damages and Defendants have obtained profits

22    and unjust enrichment as a result of Defendants' infringement and contributory

23    infringement of Hardy Life's Registered Marks.

24      45.    Defendants' acts irreparably injure Hardy Life's business, reputation,

25    goodwill, and Registered Trademarks.  Unless Defendants are enjoined, Hardy Life

26    will continue to suffer irreparable injury, for which it has no adequate remedy at

27    law.

28

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 13 of 27   Page ID
#:2589
Case 2:08-cv-03524-PA-CT      Document 84      Filed 08/04/2008     Page 12 of 26

46.     Pursuant to 15 U.S.C. § 1116, Hardy Life is entitled to a preliminary
and permanent injunction enjoining Defendants from using Plaintiff's Registered
Trademarks.  Pursuant to 15 U.S.C. § 1117, Hardy Life is entitled to an enhanced
award of damages and an enhanced accounting of Defendants' profits as well as
reasonable costs, attorney's fees and pre-judgment interest.

### THIRD CLAIM FOR RELIEF

### Trademark Counterfeiting, 15 U.S.C. § 1114

47.     Hardy Life re-alleges and incorporates by reference the allegations set
forth in Paragraphs 1-46 of this First Amended Complaint.

48.     Defendants are engaged in the unauthorized use of Hardy Life's
Registered Marks on the identical products identified in Hardy Life's federal
trademark registrations.  Exs. 6-7.

49.     Defendants' unauthorized use of Hardy Life's Registered Marks is
likely to cause confusion, mistake or deception and constitutes the knowing use of
counterfeit marks in violation of 15 U.S.C. § 1114(1).

50.     Hardy Life has suffered damages and Defendants have obtained profits
and unjust enrichment as a result of Defendants' counterfeiting of Hardy Life's
Registered Marks.

51.     Defendants' acts irreparably injure Hardy Life's business, reputation,
goodwill and Registered Trademarks.  Unless Defendants are enjoined, Hardy Life
will continue to suffer irreparable injury, for which it has no adequate remedy at
law.

52.     Pursuant to 15 U.S.C. § 1116, Hardy Life is entitled to a preliminary
and permanent injunction enjoining Defendants from using Plaintiff's Registered
Marks.  Pursuant to 15 U.S.C. § 1117, Hardy Life is entitled to an award of
statutory damages of one million dollars ($1,000,000) per counterfeit mark, per
type of goods Defendants sold, offered for sale, or distributed, an enhanced

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 14 of 27   Page ID
#:590
Case 2:08-cv-03524-PA-CT      Document 54     Filed 08/04/2008     Page 13 of 26

1   accounting of Defendants' profits and Hardy Life's damages, as well as reasonable

2   costs, attorney's fees and pre-judgment interest.

### FOURTH CLAIM FOR RELIEF

### Trademark Dilution, 15 U.S.C. § 1125(c)

5       53.     Hardy Life re-alleges and incorporates by reference the allegations set

6   forth in Paragraphs 1-52 of this First Amended Complaint.

7       54.     Defendants' unauthorized use of Hardy Life's Trademarks causes a

8   likelihood of dilution of the distinctive quality of Hardy Life's Trademarks.

9       55.     Defendants' acts irreparably injure Hardy Life's business, reputation,

10  goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will

11  continue to suffer irreparable injury, for which it has no adequate remedy at law.

12      56.     Pursuant to 15 U.S.C. §§ 1116 and 1117, Hardy Life is entitled to an

13  injunction prohibiting Defendants from using Hardy Life's Trademarks, an

14  enhanced award of monetary relief as well as reasonable costs, attorney's fees and

15  pre-judgment interest.

### FIFTH CLAIM FOR RELIEF

### Cybersquatting, 15 U.S.C. § 1125(d)

18      57.     Hardy Life re-alleges and incorporates by reference the allegations set

19  forth in Paragraphs 1-56 of this First Amended Complaint.

20      58.     Defendants are using the domain names <donedhardy.com>,

21  <edhardyshop.com>, <edhardyonline.com>, <edhardyenergydrink.com>,

22  <donedhardyjeans.com>, <edhardybags.com>, <edhardyairfresh.com>, and

23  <edhardybeverages.com> intending to profit from the goodwill and reputation of

24  Hardy Life's Trademarks.

25      59.     Defendants' ED HARDY-formative domain names are identical to and

26  confusingly similar to Hardy Life's Trademarks.

27      60.     Hardy Life has not authorized Defendants to register or use the domain

28  names <donedhardy.com>, <edhardyshop.com>, <edhardyonline.com>,

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 13 -

CV08 03524 PA (CTX)

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 15 of 27   Page ID
#:591
Case 2:08-cv-03524-PA-CT   Document 54   Filed 08/04/2008   Page 14 of 26

1  *<edhardyenergydrink.com>*, *<donedhardyjeans.com>*, *<edhardybags.com>*,

2  *<edhardyairfresh.com>* or *<edhardybeverages.com>*.

3      61.    Unless Defendants are enjoined, Hardy Life will continue to suffer

4  irreparable injury, for which it has no adequate remedy at law.

5      62.    Pursuant to 15 U.S.C. §§ 1116, 1117, and 1125, Hardy Life is entitled

6  to a court order directing the transfer of the domain names *<donedhardy.com>*,

7  *<edhardyshop.com>*, *<edhardyonline.com>*, *<edhardyenergydrink.com>*,

8  *<donedhardyjeans.com>*, *<edhardybags.com>*, *<edhardyairfresh.com>* and

9  *<edhardybeverages.com>* to Hardy Life, an award of statutory damages of

10  $100,000 per ED HARDY-formative domain name, as well as reasonable costs,

11  attorney's fees and pre-judgment interest.

12  <div align="center">**SIXTH CLAIM FOR RELIEF**</div>

13  <div align="center">**Trademark Infringement and Unfair Competition, 15 U.S.C. § 1125(a)**</div>

14      63.    Hardy Life re-alleges and incorporates by reference the allegations set

15  forth in Paragraphs 1-62 of this First Amended Complaint.

16      64.    Defendants' unauthorized use of Hardy Life's Trademarks and use of

17  the mark CHRISTIAN AUDIGIER constitutes direct and contributory trademark

18  infringement, unfair competition, false designation of origin, and passing off

19  because it is likely to cause confusion, mistake, or deception as to the affiliation,

20  connection, and association between Defendants, Defendants' unauthorized

21  products bearing Hardy Life's Trademarks, and Defendants' CHRISTIAN

22  AUDIGIER products on the one hand, and Hardy Life and Hardy Life's

23  Trademarks, on the other hand.

24      65.    Hardy Life has suffered damages and Defendants have obtained profits

25  and unjust enrichment as a result of Defendants' acts.

26      66.    Defendants' acts irreparably injure Hardy Life's business, reputation,

27  goodwill and Trademarks. Unless Defendants are enjoined, Hardy Life will

28  continue to suffer irreparable injury, for which it has no adequate remedy at law.

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT
        - 14 -        CV08 03524 PA (CTX)

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 16 of 27   Page ID
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 15 of 26
#:252

1    67.    Pursuant to 15 U.S.C. §§ 1116 and 1117, Hardy Life is entitled to an

2  injunction enjoining Defendants from using Plaintiff's Trademarks and using the

3  mark CHRISTIAN AUDIGIER as well as an enhanced award of damages, an

4  enhanced accounting of Defendants' profits, and an award of attorney's fees, costs

5  and pre-judgment interest.

6                     **SEVENTH CLAIM FOR RELIEF**

7           **False and Misleading Advertising, 15 U.S.C. § 1125(a)**

8    68.    Hardy Life re-alleges and incorporates by reference the allegations set

9  forth in Paragraphs 1-67 of this First Amended Complaint.

10   69.    Defendants' use of the Unauthorized Tagline and use of the

11 CHRISTIAN AUDIGIER brand in connection with Hardy Life's Trademarks

12 constitutes direct and contributory false and misleading advertising in violation of

13 the 15 U.S.C. § 1125(a) because it creates the false and misleading impression that

14 Mr. Audigier created Hardy Life's Trademarks and artwork.

15   70.    Hardy Life has suffered damages and Defendants have obtained profits

16 and unjust enrichment as a result of Defendants' acts.

17   71.    Defendants' acts irreparably injure Hardy Life's business, reputation,

18 goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will

19 continue to suffer irreparable injury, for which it has no adequate remedy at law.

20   72.    Pursuant to 15 U.S.C. §§ 1116 and 1117, Hardy Life is entitled to an

21 injunction enjoining Defendants from using Plaintiff's Trademarks and using the

22 mark CHRISTIAN AUDIGIER as well as an enhanced award of damages, an

23 enhanced accounting of Defendants' profits, and an award of attorney's fees, costs

24 and pre-judgment interest.

25                     **EIGHTH CLAIM FOR RELIEF**

26         **Trademark Dilution, Cal. Bus. & Prof. Code § 14330**

27   73.    Hardy Life re-alleges and incorporates by reference the allegations set

28 forth in Paragraphs 1-72 of this First Amended Complaint.

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT                 - 15 -                    CV08 03524 PA (CTX)

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 17 of 27   Page ID
#:2593
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 16 of 26

74.     Defendants' unauthorized use of Hardy Life's Trademarks are likely to dilute, and have diluted, the distinctive quality of those marks.

75.     Defendants' acts irreparably injure Hardy Life's business, reputation, goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will continue to suffer irreparable injury, for which it has no adequate remedy at law.

76.     Pursuant to California Business and Professions Code § 14330, Hardy Life is entitled to an injunction prohibiting Defendants from using Hardy Life's Trademarks.

## NINTH CLAIM FOR RELIEF

### Trademark Infringement, Unfair Competition and False and Misleading Advertising, Cal. Bus. & Prof. Code § 17200

77.     Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-76 of this First Amended Complaint.

78.     Defendants' unauthorized use of Hardy Life's Trademarks and use of the mark CHRISTIAN AUDIGIER constitutes direct and contributory trademark infringement and unfair competition because it is likely to cause confusion, mistake or deception as to the affiliation, connection, and association between Defendants, Defendants' unauthorized products bearing Hardy Life's Trademarks and Defendants' CHRISTIAN AUDIGIER-branded products, on the one hand, and Hardy Life and Hardy Life's Trademarks, on the other hand.

79.     Defendants' use of the Unauthorized Tagline and use of the CHRISTIAN AUDIGIER brand in connection with Hardy Life's Trademarks constitutes direct and contributory false and misleading advertising because it creates the false and misleading impression that Mr. Audigier created Hardy Life's Trademarks and artwork.

80.     As a result of Defendants' wrongful conduct, Hardy Life has suffered injury in fact resulting in the loss of money or property in an amount to be determined at trial.

81.    Defendants' unlawful conduct has irreparably injured Hardy Life's business, reputation, goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will continue to suffer irreparable injury, for which it has no adequate remedy at law.

82.    Pursuant to California Business & Professions Code § 17203, Hardy Life is entitled to an injunction enjoining Defendants from using Hardy Life's Trademarks, and the mark CHRISTIAN AUDIGIER, restitution of all amounts acquired by Defendants by means of their wrongful acts, and reasonable attorney's fees and costs.

## TENTH CLAIM FOR RELIEF

### Cybersquatting, Cal. Bus. Prof. Code § 17525

83.    Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-82 of this First Amended Complaint.

84.    Defendants are using the domain names <donedhardy.com>, <edhardyshop.com>, <edhardyonline.com>, <edhardyenergydrink.com>, <donedhardyjeans.com>, <edhardybags.com>, <edhardyairfresh.com>, and <edhardybeverages.com> intending to profit from the goodwill and reputation of Hardy Life's Trademarks.

85.    Defendants' ED HARDY-formative domain names are identical to and confusingly similar to Hardy Life's Trademarks.

86.    Hardy Life has not authorized Defendants to register or use the domain names <donedhardy.com>, <edhardyshop.com>, <edhardyonline.com>, <edhardyenergydrink.com>, <donedhardyjeans.com>, <edhardybags.com>, <edhardyairfresh.com> or <edhardybeverages.com>.

87.    Unless Defendants are enjoined, Hardy Life will continue to suffer irreparable injury, for which it has no adequate remedy at law.

88.    Hardy Life is entitled to a court order directing the transfer of the domain names <donedhardy.com>, <edhardyshop.com>, <edhardyonline.com>,

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 19 of 27   Page ID
#:2595
Case 2:08-cv-03524-PA-CT   Document 64   Filed 08/04/2008   Page 18 of 26

1  &lt;edhardyenergydrink.com&gt;, &lt;donedhardyjeans.com&gt;, &lt;edhardybags.com&gt;,

2  &lt;edhardyairfresh.com&gt; and &lt;edhardybeverages.com&gt; to Hardy Life, and award of

3  enhanced damages, costs and attorney's fees.

4  ### ELEVENTH CLAIM FOR RELIEF

5  **Common Law Trademark Infringement and Unfair Competition**

6      89.    Hardy Life re-alleges and incorporates by reference the allegations set

7  forth in Paragraphs 1-88 of this First Amended Complaint.

8      90.    Defendants' unauthorized use of Hardy Life's Trademarks and use of

9  the mark CHRISTIAN AUDIGIER constitutes direct and contributory trademark

10  infringement and unfair competition because it is likely to cause confusion, mistake

11  and deception as to the source, origin, sponsorship, endorsement or affiliation of

12  Defendants' unauthorized products bearing Hardy Life's Trademarks and

13  Defendants' CHRISTIAN AUDIGIER-branded products.

14      91.    Defendants' acts irreparably injure Hardy Life's business, reputation,

15  goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will

16  continue to suffer irreparable injury, for which it has no adequate remedy at law.

17      92.    Hardy Life is entitled to an injunction enjoining Defendants from

18  using Hardy Life's Trademarks and the mark CHRISTIAN AUDIGIER, as well as

19  compensatory damages, punitive damages, and reasonable attorney's fees and costs.

20  ### TWELFTH CLAIM FOR RELIEF

21  **Common Law False and Misleading Advertising**

22      93.    Hardy Life re-alleges and incorporates by reference the allegations set

23  forth in Paragraphs 1-92 of this First Amended Complaint.

24      94.    Defendants' use of the Unauthorized Tagline and use of the

25  CHRISTIAN AUDIGIER brand in connection with Hardy Life's Trademarks

26  constitutes false and misleading advertising in violation of common law because it

27  creates the false and misleading impression that Mr. Audigier created Hardy Life's

28  Trademarks and artwork.

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 20 of 27   Page ID
#:2596
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 19 of 26

1       95.   Hardy Life has suffered damages and Defendants have obtained profits

2   and unjust enrichment as a result of Defendants' acts.

3       96.   Defendants' acts irreparably injure Hardy Life's business, reputation,

4   goodwill and Trademarks.  Unless Defendants are enjoined, Hardy Life will

5   continue to suffer irreparable injury, for which it has no adequate remedy at law.

6       97.   Hardy Life is entitled to an injunction enjoining Defendants from

7   using Plaintiff's Trademarks and using the mark CHRISTIAN AUDIGIER as well

8   as an enhanced award of damages, an enhanced accounting of Defendants' profits.

9   <div align="center">**THIRTEENTH CLAIM FOR RELIEF**</div>

10  <div align="center">**Breach of Contract**</div>

11  <div align="center">**(against Defendant NT)**</div>

12      98.   Hardy Life re-alleges and incorporates by reference the allegations set

13  forth in Paragraphs 1-97 of this First Amended Complaint.

14      99.   Hardy Life and NT entered into the 2005 Agreement.

15      100.  Hardy Life performed all of its duties under the 2005 Agreement or is

16  excused from performing its duties under the 2005 Agreement.

17      101.  NT materially breached the 2005 Agreement.  NT's material breaches

18  include offering a competing line of clothing under the brand CHRISTIAN

19  AUDIGIER, offering a competing line of clothing under the brand SMET, offering

20  a competing brand of clothing under the brand CRYSTAL ROCK, the unauthorized

21  use of Hardy Life's Trademarks and Registered Artwork, the procurement of

22  unauthorized sublicenses, the failure to obtain approval from Hardy Life for

23  products and materials bearing Hardy Life's Trademarks, and the sale of products

24  such as "cardboard" and "paper "products, which are prohibited by the 2005

25  Agreement.

26      102.  As a proximate result of Defendants' multiple and material breaches of

27  the 2005 Agreement, Hardy Life has suffered damages in an amount to be

28  determined at trial.

## FOURTEENTH CLAIM FOR RELIEF

### Breach of Covenant of Good Faith and Fair Dealing

### (against Defendant NT)

103.   Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-102 of this First Amended Complaint.

104.   The 2005 Agreement contains an implied covenant of good faith and fair dealing requiring that Defendant NT would not do anything to frustrate Hardy Life's ability to realize the benefits of the agreement and would deal fairly and in good faith with Hardy Life and promptly perform all duties and obligations under the 2005 Agreement.

105.   NT has breached the covenant of good faith and fair dealing under the 2005 Agreement in multiple ways, including by offering a competing line of clothing under the brand CHRISTIAN AUDIGIER, offering a competing line of clothing under the brand SMET, offering a competing brand of clothing under the brand CRYSTAL ROCK, the unauthorized use of Hardy Life's Trademarks and Registered Artwork, the procurement of unauthorized sublicenses, the failure to obtain approval from Hardy Life for products and materials bearing Hardy Life's Trademarks, and the sale of products such as "cardboard" and "paper "products, which are prohibited by the 2005 Agreement.

106.   NT has injured Hardy Life by depriving Hardy Life of its right to receive benefits under the 2005 Agreement.  Defendants' acts were a conscious and deliberate attempt to increase Defendants' profits and to reduce the benefits of the 2005 Agreement to Hardy Life.

107.   As a proximate result of NT's multiple and material breaches of its duty of good faith and fair dealing, Hardy Life has suffered damages in an amount to be determined at trial.

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 22 of 27   Page ID
#:2528
Case 2:08-cv-03524-PA-CT      Document 84      Filed 08/04/2008      Page 21 of 26

## FIFTEENTH CLAIM FOR RELIEF

### Tortious Interference With Contract

### (against Defendants Audigier, CA, SOS, Backstage)

108.   Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-107 of this First Amended Complaint.

109.   Defendants Audigier, CA, SOS and Backstage had actual knowledge of the 2005 Agreement.

110.   Defendants Audigier, CA, SOS and Backstage interfered with Hardy Life's business expectations under the 2005 Agreement by inducing and otherwise causing Defendants NT to engage in the advertising, promotion and sale of the SMET, CRYSTAL ROCK, and CHRISTIAN AUDIGIER lines of clothing in material breach of the 2005 Agreement.

111.   Defendants' acts were intentional and malicious and were committed with the intent to injure Hardy Life, for Defendants Audigier, CA, SOS and Backstage to profit and to interfere with the 2005 Agreement.

112.   Defendants' acts prevented full performance of the 2005 Agreement and frustrated that performance.

113.   Defendants' acts have caused Hardy Life actual damages to its business.

114.   Hardy Life is entitled to actual damages in an amount to be determined at trial.

## SIXTEENTH CLAIM FOR RELIEF

### Tortious Interference With Existing and Prospective Business Advantage

### (against Defendants Audigier, CA, SOS and Backstage)

115.   Hardy Life re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-114 of this First Amended Complaint.

116.   Defendants Audigier, CA, SOS and Backstage interfered with Hardy Life's business expectations under the 2005 Agreement by inducing and otherwise

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 21 -

CV08 03524 PA (CTX)

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 23 of 27   Page ID
#:2599
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 22 of 26

1   causing Defendants NT to engage in the advertising, promotion and sale of the

2   SMET, CRYSTAL ROCK, and CHRISTIAN AUDIGIER lines of clothing in

3   material breach of the 2005 Agreement.

4        117.   Defendants' acts were intentional and malicious and were committed

5   with the intent to injure Hardy Life, for Defendants Audigier, CA, SOS and

6   Backstage to profit and to interfere with the 2005 Agreement and .

7        118.   Defendants' acts prevented full performance of the 2005 Agreement

8   and frustrated that performance.

9        119.   Defendants' acts have caused Hardy Life actual damages to its

10  business.

11       120.   Hardy Life is entitled to actual damages in an amount to be determined

12  at trial.

### SEVENTEENTH CLAIM FOR RELIEF

#### Declaration That Hardy Life's Termination of the

#### 2005 Agreement Was Proper and Effective

#### (against Defendant NT)

17       121.   Hardy Life re-alleges and incorporates by reference the allegations set

18  forth in Paragraphs 1-120 of this First Amended Complaint.

19       122.   Hardy Life terminated the 2005 Agreement because of Defendants'

20  material breaches, which were never cured, including: the unauthorized use of

21  Hardy Life's Trademarks and Registered Artwork, the procurement of unauthorized

22  sublicenses, the failure to obtain approval for products and materials bearing Hardy

23  Life's Trademarks, the sale of products that are prohibited by the 2005 Agreement,

24  and the offering of a competing lines of clothing under the brand CHRISTIAN

25  AUDIGIER and SMET.

26       123.   As a proximate result of NT's material breaches of the 2005

27  Agreement, the purpose of the 2005 Agreement has been substantially frustrated.

28

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 22 -

CV08 03524 PA (CTX)

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 24 of 27   Page ID
#:2690
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 23 of 26

124.   Hardy Life is entitled to a declaration that Hardy Life's termination of the 2005 Agreement was effective and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Hardy Life prays for judgment against Defendants as follows:

A.      That this Court enter judgment declaring that:

(1)      Defendants have willfully infringed Hardy Life's Registered Artwork in violation of the Copyright Act;

(2)      Defendants have willfully infringed Hardy Life's Trademarks in violation of the Lanham Act and California law;

(3)      Defendants have knowingly used counterfeit trademarks in violation of the Lanham Act;

(4)      Defendants have willfully diluted Hardy Life's Trademarks in violation of the Lanham Act and California law;

(5)      Defendants Audigier, Backstage Web, and NT have registered and used the domain names *<donedhardy.com>*, *<edhardyshop.com>*, *<edhardyonline.com>*, *<edhardyenergydrink.com>*, *<donedhardyjeans.com>*, *<edhardybags.com>*, *<edhardyairfresh.com>*, and *<edhardybeverages.com>*, intending to profit from the goodwill and reputation in Hardy Life's Trademarks, in violation of the Lanham Act;

(6)      Defendants have willfully and unfairly competed with Hardy Life in violation of the Lanham Act and California law;

(7)      Defendant NT materially breached the 2005 Agreement and did not cure those material breaches;

(8)      Defendant NT breached its duty of good faith and fair dealing to Hardy Life; and

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT

- 23 -

CV08 03524 PA (CTX)

Siamas Dec., P.27

1        (9)    Hardy Life's termination of the 2005 Agreement was effective

2  and proper.

3       B.    That this Court grant a nationwide preliminary and permanent

4  injunction enjoining Defendants and each of their respective partners, owners,

5  officers, directors, associates, agents, servants, employees, attorneys, successors

6  and assigns, and all other persons acting in active concert or participation therewith

7  or having knowledge thereof, from:

8       (1)    Using Hardy Life's Registered Artwork or similar artwork;

9       (2)    Using Hardy Life's Trademarks alone or in combination with

10  any other mark, term, symbol, design or designation; and

11       (3)    Using the mark CHRISTIAN AUDIGIER, alone or in

12  combination with any other mark, term, symbol, design or designation.

13       C.    That this Court issue an Order granting the following relief:

14       (1)    Requiring Defendants to deliver up all packaging,

15  advertisements, signage, promotional materials, goods, letterhead, labeling and the

16  like which infringe Hardy Life's Registered Artwork, pursuant to 17 U.S.C. §

17  503(a), and as part of the Court's final judgment, issuing an order for the

18  destruction of such materials pursuant to 17 U.S.C. § 503(b);

19       (2)    Awarding Hardy Life actual damages and statutory damages

20  from Defendants' infringement of Hardy Life's Registered Artwork, as well as

21  Defendants' profits attributable to their infringing conduct and costs and attorney's

22  fees pursuant to 17 U.S.C. §§ 504 and 505;

23       (3)    Requiring Defendants to deliver up for destruction all

24  packaging, advertisements, signage, promotional materials, goods, letterhead,

25  labeling and the like which infringe Hardy Life's Trademarks, pursuant to 15

26  U.S.C. § 1118;

27       (4)    Awarding Hardy Life enhanced actual damages and an

28  enhanced accounting of Defendants' profits from the acts of direct and contributory

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 26 of 27   Page ID
#:2602
Case 2:08-cv-03524-PA-CT    Document 84   Filed 08/04/2008    Page 25 of 26

1  trademark infringement, unfair competition, false designation of origin, and passing

2  off, together with pre-judgment interest, pursuant to 15 U.S.C. § 1117;

3         (5)   Awarding Hardy Life reasonable attorney's fees and costs,

4  pursuant to 15 U.S.C. § 1117 and the 2005 Agreement, or as otherwise permitted by

5  law;

6         (6)   Awarding Hardy Life statutory damages of One Million Dollars

7  ($1,000,000) per counterfeit mark, per type of goods Defendants sold, offered for

8  sale, or distributed pursuant to 15 U.S.C. § 1117;

9         (7)   Requiring Defendants to assign all ED HARDY-formative

10  domain names registered or used by Defendants, including *<donedhardy.com>*,

11  *<edhardyshop.com>*, *<edhardyonline.com>*, *<edhardyenergydrink.com>*,

12  *<donedhardyjeans.com>*, *<edhardybags.com>*, *<edhardyairfresh.com>*, and

13  *<edhardybeverages.com>*, to Hardy Life;

14         (8)   Awarding Hardy Life statutory damages of $100,000 per ED

15  HARDY-formative domain name that Defendants have used or registered;

16         (9)   Requiring all Defendants to institute corrective advertising in a

17  form, manner and frequency that is acceptable to Hardy Life;

18         (10)   Requiring Defendant NT to send certified letters, return-receipt

19  requested, in a form and format acceptable to Hardy Life, to each of the companies

20  that NT has entered into sublicense agreements with for ED HARDY-brand

21  merchandise, attaching the Order and instructing the sublicensees to immediately

22  cease the creation, distribution, and sales of any products bearing Hardy Life's

23  Trademarks, and requiring all sublicensees to deliver up for destruction all existing

24  goods and unauthorized products, and any related packaging, advertisements,

25  signage, promotional materials, goods, letterhead, labeling and the like which bears

26  Hardy Life's Trademarks in their possession, custody or control;

27         (11)   Requiring Defendants to file with the Court and serve upon

28  Hardy Life a sworn Certification of Compliance within thirty (30) days from the

Case 2:08-cv-03524-PA-CT   Document 151-2   Filed 12/15/08   Page 27 of 27   Page ID
#:2603
Case 2:08-cv-03524-PA-CT   Document 84   Filed 08/04/2008   Page 26 of 26

1   date of an Order for Preliminary Injunction, and as part of the Court's final

2   judgment, which sets forth in detail the nature and substance of Defendants'

3   compliance with the terms of the Court's orders;

4        (12)  Awarding Hardy Life punitive damages in an amount sufficient

5   to deter and punish Defendants; and

6        (13)  Awarding Hardy Life all other relief, in law or in equity, to

7   which Hardy Life may be entitled, or which the Court deems just and proper.

8   <div align="center">**DEMAND FOR A JURY TRIAL**</div>

9       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hardy Life

10   hereby demands a trial by jury as to all claims in this litigation.

11

12   Dated:   August 5, 2008         Rita W. Siamas
                                          John J. Dabney
13                                        Elliot Silverman

14                                        McDERMOTT WILL & EMERY LLP

15

16                                        By: /s/ Rita W. Siamas
17                                           RITA W. SIAMAS

18                                        Attorneys for Hardy Life, LLC

19

20

21

22

23

24

25

26

27

28

HARDY LIFE, LLC'S
FIRST AMENDED COMPLAINT        - 26 -        CV08 03524 PA (CTX)